**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Jamie Key Henderson. _____     Case Number: _____

_____     Division: _____

Plaintiff(s)

vs

LVNV Funding LLC, _____

c/o Corporation Service Company _____
Defendant(s)

Address 1201 Hays Street _____
　　　　　　(number)　　　　　　　　　(street)

Tallahassee　　　　FL　　　　　　　　32301
(city)　　　　　　(state)　　　　　　(zip code)

Phone: _____

**STATEMENT OF CLAIM**

Plaintiff(s) sues defendant(s) for damages which do not exceed $8,000.00 exclusive of costs and interest for (check one category below):

☐ Auto Accident occurring on or about _____ in the vicinity of _____
_____, in _____ County, Florida caused by negligent operation of a
vehicle operated by _____ and owned by _____ resulting
in damages, described below.

☐ Goods sold by Plaintiff; goods and prices and credits listed below.

☐ Work done and materials furnished; time and materials, showing charges and credits, listed below.

☐ Money lent to defendant on _____ with interest owed since _____.

☐ Promissory Note executed on _____, copy attached; defendant failed to either pay the note, or an
installment payment, and interest is owed since _____, plus attorney's fees.

☐ Account Stated for an agreed balance owed on business transactions between the parties, the defendant did
not object to the statement of account presented, a copy of which is attached.

☑ Other claim - Please specify: FCRA Violation _____.

Explain below the details (what happened, dates, times, place, etc.) of your claim. This section must be
completed. Attach additional pages if needed.

Plaintiff issuing LVNV Funding LLC for inaccurately reporting multiple debt-buyer collection accounts on
Plaintiff's credit reports. Despite timely disputes, LVNV continued to verify and report inconsistent and mislead
information without providing proof of ownership or a reasonable investigation. This inaccurate reporting has
harmed Plaintiff's credit, and Plaintiff seeks damages, costs, and deletion of the LVNV tradelines.

Revised 01/06/2025　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 2

☑ Attached is a copy of any written document(s) that is/are the basis of this claim.

**WHEREFORE**, the Plaintiff(s) demand judgment in the principal sum of $ $4,000

Plus costs, if known, (summons, service) in the amount of $ 500

Plus interest in the amount of $ _____

TOTAL $ 4,500

Plaintiff Address:

13939 Felix Will Road

Riverview, FL 33579

_____

Telephone Number: 813-895-1032

Email Addresses: jhenderson2655@gmail.com

Signature of Plaintiff(s) _____

Print name of Plaintiff(s)

Jamie Key Henderson

Title (if applicable) _____

**STATE OF FLORIDA**

**COUNTY OF HILLSBOROUGH**

The foregoing instrument was sworn to or affirmed and signed before me this _____ day of _____, _____, by _____ who is personally known to me or who has produced _____ identification and who did [  ] did not [  ] take an oath.

**VICTOR D. CRIST**

As Clerk of the Court

_____

As Deputy Clerk

_____

Notary Public

_____

Typed or Printed Name

# IN THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY COURT

SMALL CLAIMS DIVISION

Hillsborough COUNTY, Florida

## JAMIE HENDERSON

,

Plaintiff,

v.

## LVNV FUNDING LLC

,

Defendant.

# STATEMENT OF CLAIM

Plaintiff brings this action for statutory damages, injunctive relief, and costs arising from Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

# PARTIES

1. Plaintiff Jamie Henderson is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c) and §1692a (3).

2. Defendant LVNV Funding LLC is a debt buyer, a "debt collector" under 15 U.S.C. §1692a (6), and a furnisher of consumer credit information under 15 U.S.C. §1681s-2.

# JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the small-claims statutes of this state.

4. Venue is proper because Plaintiff resides in this county and Defendant furnishes credit information that causes injury within this jurisdiction.

# FACTUAL ALLEGATIONS

5. Defendant is reporting three separate collection trade lines on Plaintiff's consumer credit reports, each allegedly arising from different original creditors.

6. Each tradeline reports:

   o An open collection balance

   o "Placed for collection" status

   o Ongoing monthly credit reporting

7.

8. Plaintiff disputed each tradeline with consumer reporting agencies, triggering Defendant's duties under 15 U.S.C. §1681s-2(b).

9. Defendant received notice of dispute and nevertheless continued to verify the tradelines as accurate.

10. Defendant failed to provide Plaintiff with:

   o Chain-of-title documentation

   o Purchase and sale agreements

   o Itemized accounting reconciling balances

11.

12. Defendant continued reporting despite the absence of competent verification.

13. The continued reporting of multiple collection accounts has suppressed Plaintiff's credit scores, interfered with credit opportunities, and caused ongoing harm.

# CFPB ADMISSIONS (INTEGRATED FACTS)

12. Defendant, through its servicer Resurgent Capital Services L.P., submitted multiple written responses to the Consumer Financial Protection Bureau ("CFPB") concerning Plaintiff's disputes.

13. In those responses, Defendant admitted:
   a. Ownership of the accounts at issue
   b. Active credit reporting to consumer reporting agencies
   c. Verification of the disputed tradelines

14. Defendant further admitted it refused to provide purchase and sale agreements or chain-of-title documentation, stating it was "not obligated" to do so.

15. Defendant instructed Plaintiff to "contact the credit bureaus" regarding inaccuracies, despite Defendant's independent statutory duty to investigate after notice.

16. Defendant asserted the accounts were being reported "accurately" without identifying what records were reviewed or how balances were verified.

17. Defendant's own CFPB submissions include billing statements reflecting credits, adjustments, fees, and interest, yet Defendant reports a single lump-sum collection balance, rendering the reporting materially misleading and incomplete.

18. Defendant verified the tradelines without reconciling transactional history, credits, or disputed amounts.

# COUNT I – VIOLATIONS OF THE FCRA

15 U.S.C. §1681s-2(b), §1681e(b), §1681n, §1681o

19. Plaintiff realleges paragraphs 1–18.

20. After receiving notice of dispute, Defendant failed to:

- Conduct a reasonable investigation
- Review all relevant information
- Correct or delete inaccurate or unverifiable data

21. Verifying collection tradelines while refusing to possess or review ownership documentation is not a reasonable investigation.

22. Defendant's conduct constitutes negligence and/or willful noncompliance with the FCRA.

# COUNT II – VIOLATIONS OF THE FDCPA

15 U.S.C. §§1692e, 1692f

23. Plaintiff realleges paragraphs 1–22.

24. Defendant falsely represented:

- The amount and legal status of the alleged debts
- It's authority to collect and report the debts

25. Reporting disputed debts as verified without meaningful investigation violates 15 U.S.C. §1692e (2) and §1692e (8).

26. Using credit reporting as leverage to collect unverified debts constitutes an unfair collection practice under 15 U.S.C. §1692f.

## DAMAGES

27. Plaintiff has suffered:

- Credit score suppression
- Loss of credit opportunities
- Emotional distress
- Time and expense disputing inaccurate reporting

28. Defendant's violations were knowing, reckless, and in disregard of federally protected rights.

## RELIEF REQUESTED

Plaintiff respectfully requests judgment against Defendant for:

A. Statutory damages under the FCRA and FDCPA

B. Deletion of all LVNV Funding LLC tradelines from Plaintiff's consumer credit reports

C. Court costs and filing fees

D. Any additional relief the Court deems just and proper

# VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: __1/13/26__

Jamie Henderson, Plaintiff